**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>Taylor v. Credit Cars of Lexington,<br><br>                                   Debtor(s).<br><br>Latisha Marie Taylor,<br><br>                                   Plaintiff(s),<br><br>v.<br><br>Credit Cars of Lexington,<br><br>                                   Defendant(s). | C/A No. 10-1560<br><br>Adv. Pro. No. 10-80058<br><br>Chapter 13<br><br>**ORDER** |

THIS MATTER is before the Court for a hearing on damages in connection with Latisha Marie Taylor's ("Plaintiff" or "Debtor") Summons and Complaint filed against Credit Cars of Lexington ("Defendant" or "Creditor"). Defendant did not answer the complaint and is in default. This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157. This matter is a "core" proceeding as defined in 28 U.S.C. § 157(b). The Court makes the following findings of fact and conclusions of law pursuant to Fed. R. Civ. P. 52, made applicable to this adversary proceeding by Fed. R. Bankr. P. 7052.

*FINDINGS OF FACT*

Plaintiff filed a voluntary petition under chapter 13 of the Bankruptcy Code on March 4, 2010. Defendant was mailed a Notice of Chapter 13 Bankruptcy Case, Meeting of Creditors Deadlines by the Bankruptcy Noticing Center. Plaintiff personally called Defendant to provide her case number to the Defendant. Defendant also was mailed a copy of the plan filed pursuant to chapter 13 of the Bankruptcy Code on March 18, 2010 as

evidenced by a certificate of service filed by BK Attorney Services, LLC.  This plan

provided for payment of the balance due Defendant in full over the life of the plan.

Defendant repossessed Plaintiff's 2001 Chevrolet Suburban ("vehicle") on April 25,

2010, fifty-two (52) days after the bankruptcy filing.  Plaintiff testified that she discovered

the vehicle was missing at 5:00 a.m. as she prepared to leave for work.  Plaintiff then called

local law enforcement to report the vehicle as stolen and was informed that the vehicle was

listed on a repossession list filed with the law enforcement agency.  Plaintiff then went to the

Defendant's place of business and demanded the return of her vehicle.  She was told to leave

the premises.  Plaintiff testified that a representative of Defendant stated that he always took

back cars when a bankruptcy was filed.

Plaintiff's attorney called the Defendant twice on April 26, 2010 and Defendant

refused to release the vehicle without speaking to his attorney.  Plaintiff's attorney sent a

demand letter to Defendant on April 27, 2010.  The vehicle was returned to Plaintiff by

Defendant on April 29, 2010.

Plaintiff and her seven dependants use the vehicle as their sole means of

transportation.  As a result of the repossession, Plaintiff missed ten hours of work.  She

testified that she lost eight hours of compensation at $10.27 per hour and two hours of

overtime at $15.00 per hour.  Plaintiff's son, who also depends on the vehicle, lost eight

hours of work at $12.00 per hour.  For two days, Plaintiff depended upon co-workers for

transportation to and from work.  Plaintiff paid her co-workers $40.00.

At the time of the repossession, Plaintiff's estranged husband James Taylor, who is

not a party to the bankruptcy, had a trailer with equipment used in his landscaping business

hitched to the vehicle.  These items were also taken in the repossession.  Mr. Taylor

2

contends that because his trailer and equipment were taken during the repossession, he lost a

contract for his fledgling landscaping business.  Mr. Taylor had to compensate a friend for

helping to pick up the trailer and equipment in the amount of $20.00.  Mr. Taylor also

missed a day of work while assisting the Plaintiff to recover the vehicle.

An affidavit provided by Plaintiff's counsel evidences $892.50 in attorney's fees

prior to the hearing.  Counsel will bill an additional $300.00 for the time spent in Court.

Paralegal fees of $56.00 were charged for 0.7 hours of work.  Additionally, costs were

charged totaling $259.68.  Plaintiff has incurred $1,508.18 in attorney fees and costs.

### *CONCLUSIONS OF LAW*

A stay arises upon the filing of a bankruptcy petition pursuant to 11 U.S.C. § 362(a)[1]

and goes into effect upon the filing of a debtor's bankruptcy petition to stay "any act to

obtain possession of property of the estate or of property from the estate or to exercise

control over property of the estate."  11 U.S.C. § 362(a)(3); *In re Johnson*, C/A No. 97-

06698, slip op. at 4 (Bankr. D.S.C. June 26, 2001).  Section 362(k) provides that "an

individual injured by any willful violation of a stay provided by this section shall recover

actual damages, including costs and attorney's fees, and, in appropriate circumstances, may

recover punitive damages."  11 U.S.C. § 362(k).

### I.      Violation of the Automatic Stay

In order to recover for a willful violation of stay, debtors must prove by clear and

convincing evidence that: (1) a bankruptcy petition was filed, (2) the debtors are

"individuals" under the automatic stay provisions, (3) creditors received notice of the

petition, (4) the creditors' actions were in willful violation of the stay, and (5) the debtor

suffered damages.  *See In re Sammon*, 253, B.R. 672, 679-80 (Bankr. D.S.C. 2000).  There

---

[1] Further reference to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, shall be by section number only.

is no dispute that Defendant's actions in repossessing Plaintiff's vehicle following the filing

of the bankruptcy petition is a violation of the stay imposed by Section 362(a).  The Fourth

Circuit has explained that a willful violation of the automatic stay occurs when "a creditor

knows of the pending bankruptcy petition and intentionally attempts to continue collection

procedures in spite of it."  *Budget Serv. Co. v. Better Homes of Va., Inc.*, 804 F.2d 289, 293

(4th Cir. 1986).

In this case, it is undisputed that the Defendant repossessed the vehicle subsequent to

the filing of the bankruptcy petition and further that Defendant knew of the petition.  The

Defendant intentionally acted to repossess the vehicle after acquiring knowledge that the

bankruptcy petition had been filed by Plaintiff.  Defendant's action to repossess and retain

this individual Debtor's vehicle occurred fifty-two days post petition.  The Plaintiff was

damaged by the loss of the use of the vehicle and she lost wages when she missed work.

## II.    Damages

### A.    *Actual Damages*

The Plaintiff suffered actual injury as a direct result of Defendant's actions.  She

missed one day of work as a result of the repossession of the vehicle.  Debtor testified that

she typically works a ten hour shift at her place of employment for a total daily

compensation of $112.16.  As a result of the hearing on damages, Plaintiff missed two

additional hours of work for which she should be compensated $20.54.  Additionally,

Debtor paid $40.00 to friends for transportation to and from work during the time that she

was without her vehicle.  Debtor was without her vehicle for three days.  Debtor testified

that her vehicle was financed with payments due of $250.00 biweekly for forty-four months.

For the loss of use of her vehicle over three days Debtor is entitled to $53.58 in damages.

Plaintiff also claimed for damages for emotional distress.  She did not prove such

damages, merely testifying that she was upset.  Additionally, Debtor argued that the losses

incurred by her estranged husband and son should be awarded as damages.  Debtor did not

suffer these damages.

B.      *Attorney's Fees*

Plaintiff requests an award for the attorney's fees and costs she incurred as a result of

pursuing this adversary proceeding.  The Court finds the attorney fees and costs of

$1,508.18 to be reasonable.

C.      *Punitive Damages*

Section 362(k) allows for the award of punitive damages in appropriate

circumstances.  Punitive Damages are properly awarded where the facts of the case indicate

that a creditor's violation of the stay was a result of intentional or egregious misconduct.

*See Grisard-Van Roey v. Auto Credit Center, Inc.*, 373 B.R. 441, 445 (Bankr. D.S.C. 2007)

(holding that punitive damages should not be awarded where the asserted stay violation was

not the result of intentional or egregious misconduct).  Punitive damages are appropriate in

this case because Defendant knew about the filing of Debtor's bankruptcy case.  Fifty-two

days had elapsed since the petition was filed and Defendant was apprised of the bankruptcy

filing in multiple ways, yet rebuffed even Plaintiff's attorney.  Defendant disregarded the

protections afforded to the Debtor by federal law.  Accordingly, the Court finds that under

the circumstances of this case, an award of punitive damages in the amount of $5,000 is

appropriate.

5

## *CONCLUSION*

Based on the foregoing, it is hereby ORDERED that Plaintiff have judgment against

Defendant for actual damages in the amount of $226.28, $1,508.18 in attorney fees, and

$5,000.00 in punitive damages.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**08/05/2010**



Entered: 08/06/2010

David R. Duncan
US Bankruptcy Judge
District of South Carolina

6